SADELIAH E. M. NICHOLS,

Appellant from Decree of Judge of Probate,

*vs.*

ESTATE OF MADISON M. J. L. LEAVITT.

York.   Opinion February 20, 1920.

*Wills.   Probate of same.   Appeal and reasons of appeal.   Service of appeal papers in matter of appeal from allowance of will.   Rule as to necessity of service of appeal papers upon executor or administrator named in said will.*

Additionally to the moral obligation either by express or implied direction of the maker, a statute imposes upon every supposed executor having custody of an unprobated will, the imperative legal duty of filing it for probate.

Merely filing a will for probate would not make a proposed executor party to forensic issue so as to give him the statutory status of one entitled to be served with copy of reasons of appeal.   The putative executor may himself assume the burden of waging contest to establish the writing as an efficacious will, or he may leave that weight to be borne by those whom probate of the will would benefit.   As petitioner that the court take proof and allow the will, he becomes a real party, albeit a representative one, "before the judge of probate."

The right of appeal, exercise of which was attempted in this case, is statutory. Compliance with indicated requirements was not had.   It follows that jurisdiction was not conferred upon the appellate tribunal and that the reserved exceptions are without merit.

Appeal from the findings of the Judge of Probate in the matter of the allowance of a will.   The appeal and reasons of appeal were duly filed and entered at Supreme Court of Probate.   The executor appointed under said will filed motion asking that the probate appeal be dismissed, the appeal papers not having been served upon the executor named in the will.   This motion was allowed by presiding Justice and appeal was dismissed; from which ruling, exceptions were filed.

Case stated in opinion.

*Louis B. Lausier,* and *John P. Deering,* for appellant.

*Edward H. Gove,* for proponents.

SITTING: HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DUNN, J. The executor named in an instrument purporting to be the will of Madison M. J. F. Leavitt, filed it in the York County Probate Court, with petition praying proof and allowance. Deceased's heir at law and next of kin, in the person of a sister him surviving, assailed validity of the document, assigning want of testamentary capacity on her brother's part, undue influence exerted to have him make the paper, and that it was not executed in conformity to the statute relating to wills. Her attack was successfully resisted. Upon that, she entered notice of appeal. In the supreme court of probate, the nominated executor moved dismissal of proceedings, on the ground that appellant had not served him, as a "party who appeared before the judge of probate," with attested copy of reasons of appeal. R. S., Chap. 67, Sec. 32. The case is here on exceptions to a ruling sustaining the motion.

Additionally to the moral obligation imposed either by express or implied direction of the maker, a statute charges upon every supposed executor having custody of an unprobated will, the imperative legal duty of filing it for probate. R. S., Chap. 68, Sec. 4. While, in merely filing the will for probate, the executor proposed by Mr. Leavitt was not party to forensic issue, yet as petitioner that the court take proof and allow it, he clearly was a real party, albeit a representative one, before the judge of probate. His rights were co-equal with those of any other party there. Proceedings for probate of a will are unlike almost all other judicial investigations. When that which bespeaks itself a will has been propounded, it is in control of the probate court. That court, after public notice, and personal notice also, if deemed by it expedient, in open session, at an appointed time and place, proceeds to determine whether the presented instrument be adequate in the law to dispose of property on or after the death of him who formerly owned it. R. S., Chap. 68, Sec. 5. This it does uninfluenced even by agreement, lending validity or otherwise, between proponent and contestant. The putative executor may himself assume the burden of waging contest to establish the writing as an efficacious will, or he may leave that weight to be borne by those whom probate of the document would benefit. *Keniston* v. *Adams*, 80 Maine, 290. If he elect to make upholding effort, he may adduce and cross-examine witnesses, and from adverse decision may appeal. No higher privilege is enjoyed by a contestant.

The right of appeal, exercise of which was attempted in this case, is statutory. Compliance with indicated requirements was not had. It follows that jurisdiction was not conferred upon the appellate tribunal, and that the reserved exceptions are without merit. *Pettingill* v. *Pettingill*, 60 Maine, 411; *Bartlett, Appellant*, 82 Maine, 210; *Moore* v. *Phillips*, 94 Maine, 421.

*Exceptions overruled.*